WILLIAM W. HUCKINS (Bar No. 201098)
IVAN M. GOLD (Bar No. 121486)
THOR D. McLAUGHLIN (Bar No. 257864)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA  94111-4074
Phone: (415) 837-1515
Fax: (415) 837-1516

Attorneys for Landlord-Creditor
Tyler Mall Limited Partnership

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2: 15-bk-17229-VZ |
| DOUBLJU-USA, INC., | Chapter 11 |
| Debtor. | **STIPULATION FOR REJECTION OF UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY**<br>[Galleria at Tyler, Riverside, California]<br><br>[No hearing required] |

    This Stipulation is made by and between debtor and debtor-in-possession Doublju-USA, Inc. ("Debtor") and Tyler Mall Limited Partnership ("Landlord"), through their respective counsel, with reference to the following facts and objectives.

**RECITALS**

    A.    Debtor and Landlord are parties to that certain Lease, dated May 13, 2013, as subsequently amended (the "Lease"), for certain retail premises commonly known as and located at Space D-107 of the Galleria at Tyler shopping center, 1136 Galleria at Tyler, Riverside, California (the "Premises"), consisting of approximately 8,999 square feet.  The term of the Lease is scheduled to expire on August 31, 2020.

    B.    On February 27, 2015, Landlord filed its Complaint For Unlawful Detainer in an action entitled <u>Tyler Mall Limited Partnership v. Doublju-USA, Inc., etc., et al.</u>, Riverside County

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

963761.01/SF

STIPULATION FOR REJECTION OF UNEXPIRED LEASE OF NONRESIDENTIAL
REAL PROPERTY [Galleria at Tyler, Riverside, California]

Superior Court Case No. MVC 1500782 (the "Eviction Action"), alleging that Debtor had failed to pay back rent and charges in the estimated sum of $81,607.28 or vacate the Premises following service, on February 4, 2015, of a Notice To Pay Rent or Quit.

C. On or about March 23, 2015, Landlord and Debtor entered into their Stipulation For Settlement and Conditional Entry of Judgment under CCP § 664.6 ("Stipulation For Judgment") in the Eviction Action.

D. On May 5, 2015 (the "Petition Date"), Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code. Debtor is currently operating its business and managing its property as a debtor-in-possession under Bankruptcy Code sections 1107(a) and 1108.

E. Debtor defaulted under the terms of the Stipulation For Judgment and, as of the Petition Date, an application for entry of judgment of the Stipulation For Entry of Judgment in the Eviction Action was pending.

F. Debtor's retail store at the Premises was closed by Debtor and the retail inventory removed prior to the Petition Date but certain trade fixtures and equipment remained in the Premises, consisting of approximately 25 mannequins, three clothing display units, shelving hardware, a desk and an office cabinet (the "Remaining Personal Property"). Debtor has determined, in its business judgment, that the Remaining Personal Property is of little to no value, considering the potential cost of removal and the *de minimus* value that might be received from its sale.

G. The Debtor does not intend to continue to operate the Debtor's business at the Premises and has determined, in its business judgment, that that there is no value in Debtor's Galleria at Tyler Lease and that the Galleria at Tyler Lease should be rejected pursuant to Bankruptcy Code section 365.

H. Debtor and Landlord seek to minimize the costs associated with the administration of this estate by entering into a stipulation providing for the rejection of Debtor's Galleria at Tyler Lease with Landlord and disposition of the Remaining Personal Property at this location.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

963761.01/SF

-2-
STIPULATION FOR REJECTION OF UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY [Galleria at Tyler, Riverside, California]

## STIPULATION

1. The Galleria at Tyler Lease shall be and hereby is rejected effective upon the Petition Date and any right to possession of the Premises, by and through the Debtor, bankruptcy estate, and/or anyone claiming any interest in the Premises under the Lease, is relinquished, terminated and forfeited under applicable nonbankruptcy law as of that date.

2. The Remaining Personal Property shall be deemed abandoned by the Debtor to the Landlord under Bankruptcy Code section 554 without any further notice or order of this Court. Following entry of an order approving this Stipulation, Landlord may dispose of any such Remaining Personal Property in its sole discretion without liability and the bankruptcy estate shall have no further liability to Landlord relative to such abandoned personal property.

3. Except as set forth herein, this Stipulation and any order thereon shall be without prejudice to the assertion of any claims by Landlord in the above-captioned case relating to or arising from the Galleria at Tyler Lease including, without limitation, claims for pre-petition arrearages and unsecured claims for damages for rejection of the respective leases under Bankruptcy Code section 502(b)(6), without prejudice to any objections by the Debtor thereto.

4. The provisions of this Stipulation shall survive any conversion or dismissal of this Chapter 7 bankruptcy case, and shall bind any subsequently appointed trustee or examiner.

5. The Order on this Stipulation shall be effective immediately upon entry, and not subject to any stay under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and applicable nonbankruptcy law.

6. This Court will retain jurisdiction to resolve any and all disputes relating to this Stipulation and the Order entered thereon.

7. The parties jointly request entry of an order approving this Stipulation and its terms.

8. This Stipulation may be executed in counterparts, one or more of which may contain facsimile or electronic (in .pdf format) signatures, all of which shall constitute an original agreement.

///

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

963761.01/SF

-3-

STIPULATION FOR REJECTION OF UNEXPIRED LEASE OF NONRESIDENTIAL
REAL PROPERTY [Galleria at Tyler, Riverside, California]

**SO STIPULATED.**

Dated: May 26, 2015

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: _____
IVAN M. GOLD
Attorneys for Tyler Mall Limited Partnership

Dated: May 28, 2015

KHANG & KHANG LLP

By: _____
JOON M. KHANG
Attorneys for Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Three Embarcadero Center, 12th Floor, San Francisco, CA 94111.

A true and correct copy of the foregoing document entitled (specify): Stipulation for Rejection of Unexpired Lease of Nonresidential Real Property
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) May 29, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Joon M Khang — joon@khanglaw.com
Kelly L Morrison — kelly.l.morrison@usdoj.gov
U.S. Trustee (LA) — ustpregion16.la.ecf@usdoj.gov
Steven N Kurtz — nlessard@laklawyers.com
Mitchell B Ludwig — mbl@kpclegal.com
Chantelle Fisher — cfisher@bpslaw.net
Brian Huben — brian.huben@kattenlaw.com
Kristen Pate — ggpbk@ggp.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) May 29, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA OVERNIGHT MAIL**
The Honorable Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 29, 2015 | Cynthia D. Lynch | /s/ Cynthia D. Lynch |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**